UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

APR 21 2026 PM4:08
FILED - USDC - FLMD - TPA

JOSEPH McCARTER, Plaintiff,

v.

AVENTURA BAY PLACE ASSISTED LIVING FACILITY; AVENTURA HOLDINGS GROUP; KARRI ANN WILEY, individually and in her official capacity as Administrator; JOHN DOE, Senior Administrator — full name to be determined through discovery, individually and in his official capacity, Defendants.

Case No.: [To Be Assigned]

8:26-cv-1148-SDM-TGW

# COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# JURY TRIAL DEMANDED

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) as the matter in controversy exceeds $75,000 exclusive of interest and costs.

2. Upon information and belief, Defendant Aventura Holdings Group is incorporated and maintains its principal place of business outside the State of Florida — establishing complete diversity between Plaintiff and Defendants.

3. This Court additionally has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to the extent Defendants' conduct violates federal regulations governing assisted living facilities receiving Medicare and/or Medicaid funding under 42 U.S.C. § 1396 et seq. and 42 C.F.R. § 483.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to this action occurred in Pinellas County, Florida, within this District.

## II. PARTIES

5. Plaintiff Joseph McCarter is an elderly resident of Aventura Bay Place Assisted Living Facility, 10401 Roosevelt Blvd N, St. Petersburg, FL 33716, Resident No. 1120. Plaintiff is a citizen of the State of Florida.

6. Defendant Aventura Bay Place Assisted Living Facility is a licensed assisted living facility operating at 10401 Roosevelt Blvd N, St. Petersburg, FL 33716, Pinellas County, Florida.

7. Defendant Aventura Holdings Group is the corporate parent and owner of Aventura Bay Place Assisted Living Facility. Upon information and belief, Aventura Holdings Group is incorporated outside the State of Florida.

8. Defendant Karri Ann Wiley is the Administrator of Aventura Bay Place Assisted Living Facility and is sued in her individual



and official capacity.

9. Defendant John Doe is a senior administrator of Aventura Bay Place Assisted Living Facility whose full name has been formally demanded but not produced by Defendants. Plaintiff will amend this complaint to state his full name upon discovery.

# III. FACTUAL ALLEGATIONS

## A. Death Threat — Failure to Protect

10. Defendants placed Plaintiff with a roommate who made direct death threats against him while he slept.

11. Plaintiff reported these death threats to Defendant Wiley and facility staff.

12. Defendants did not remove the threatening roommate. The threatening roommate continues to reside on Aventura Bay Place property as of the date of this filing.

13. Defendants issued Plaintiff a termination notice — punishing the victim of the threat rather than the source of it.

14. Defendants' failure to protect Plaintiff from a known, reported, documented death threat constitutes elder abuse, neglect, and negligence causing direct harm to Plaintiff.

## B. Biohazard Living Conditions — Negligent Placement

15. Defendants repeatedly placed Plaintiff with roommates who were incapable of basic self-care — including roommates who refused to clean human feces from themselves, refused to flush toilets, and refused to maintain any standard of sanitation in the shared living space.

16. Plaintiff was subjected to biohazard living conditions without his consent and without adequate facility intervention — in violation of his right to a safe, clean, and comfortable living environment under Florida Statute § 429.28(1)(a).

17. Defendants' placement of a self-care-capable resident with self-care-incapable residents — without disclosure, without consent, and without adequate intervention — constitutes negligent placement and violation of Florida Administrative Code 58A-5.0191.

## C. Psychological Abuse by Design — The Preconditioning Pattern

18. Defendant Wiley engaged in a deliberate and documented pattern of briefing incoming roommates regarding Plaintiff's prior complaints before those roommates had any interaction with him.

19. This preconditioning created adversarial conditions between Plaintiff and each new roommate from the first day of each placement — ensuring conflict — and then using that manufactured conflict as evidence that Plaintiff "cannot get along with anyone."

20. This pattern is not administrative error. It is a coordinated system of psychological manipulation designed to isolate Plaintiff, undermine his credibility, and manufacture justification for adverse action against him — constituting

psychological abuse of a vulnerable adult under Florida Statute § 415.1111.

## D. Financial Exploitation

21. Defendants charged Plaintiff fees for medication holding without prior written notice, without documented informed consent, and without adequate explanation of the fee structure or amount.

22. Defendants retained the entirety of Plaintiff's Social Security income — leaving him without personal funds for basic personal needs — in violation of Florida Administrative Code 58A-5.0182, which requires that residents retain a minimum personal allowance.

23. Defendants have provided no accounting of funds received, held, or disbursed on Plaintiff's behalf despite formal written demand.

24. Statement No. 34570 — dated March 23, 2026 — reflects a balance of $1,674.20 attributed to Social Security charges from April 2024 through July 2024. The nature, authorization, and application of these charges have never been explained to Plaintiff.

25. These acts constitute financial exploitation of a vulnerable adult under Florida Statutes §§ 415.102 and 825.103.

## E. FOIA Retaliation — The Centerpiece

26. On March 16, 2026, a lawful public records request was filed on behalf of Plaintiff pursuant to Florida Public Records Law, Chapter 119, Florida Statutes.

27. Defendants produced zero records, provided zero acknowledgment, and made zero contact in response to the March 16, 2026 FOIA request.

28. Eleven days after the FOIA request was filed — on March 27, 2026 — Defendants issued Plaintiff a 45-day termination notice.

29. At the time the termination notice was issued, Plaintiff had no current roommate, had committed no new documented violation, and had done nothing except have a lawful records request filed on his behalf.

30. The 45-day termination notice constitutes unlawful retaliation against a resident for exercising his legal rights — in direct violation of Florida Statute § 429.28(1)(k).

31. On April 8, 2026, a formal Pre-Suit Notice was served upon Defendants demanding $250,000 in settlement within 72 hours.

32. Defendants did not respond to the Pre-Suit Notice within the demanded timeframe. Defendants did not respond at all.

33. Defendants' non-response to every lawful demand — combined with the issuance of the retaliatory termination notice — establishes a pattern of bad faith conduct designed to obstruct Plaintiff's legal rights and accelerate his displacement before legal action could be filed.

## F. Bad Faith Concealment and Spoliation

34. Upon information and belief, Defendants are acting in bad faith to conceal, minimize, and destroy pertinent discoverable material related to the violations described herein.

35. Defendants were placed on formal legal hold via the April 8, 2026 Pre-Suit Notice.

36. A metadata FOIA request was served on April 8, 2026, demanding production of all electronically stored information related to Plaintiff in native digital format with full metadata intact — including the creation and modification history of the 45-day termination notice.

37. Defendants have not produced this metadata. Their non-production will be presented to this Court as evidence of intentional concealment.

38. Any destruction, alteration, or failure to preserve records related to Plaintiff after receipt of the April 8, 2026 legal hold notice constitutes spoliation of evidence.

# IV. CLAIMS FOR RELIEF

## COUNT I — ELDER ABUSE AND NEGLECT

### Florida Statute § 415.1111

39. Plaintiff incorporates all preceding paragraphs.

40. Defendants' placement of Plaintiff with a roommate who made death threats — and their failure to remove that roommate after the threat was reported — constitutes abuse and neglect of a vulnerable adult.

41. Defendants' placement of Plaintiff in biohazard living conditions without adequate intervention constitutes neglect.

42. Defendant Wiley's coordinated preconditioning of roommates constitutes psychological abuse.

## COUNT II — FINANCIAL EXPLOITATION

### Florida Statutes §§ 415.102 and 825.103

43. Plaintiff incorporates all preceding paragraphs.

44. Defendants' unauthorized medication holding fees, retention of Social Security funds without accounting, and failure to provide legally required personal allowances constitute financial exploitation of a vulnerable adult.

## COUNT III — RETALIATION

### Florida Statute § 429.28(1)(k)

45. Plaintiff incorporates all preceding paragraphs.

46. Defendants issued a 45-day termination notice in direct temporal and causal response to a lawful FOIA request — constituting unlawful retaliation against a resident for exercising his legal rights.

## COUNT IV — VIOLATION OF RESIDENT RIGHTS

**Florida Statute § 429.28 and Florida Administrative Code 58A-5.0182**

47. Plaintiff incorporates all preceding paragraphs.

48. Defendants denied Plaintiff his right to a safe, clean, and comfortable environment — his right to be free from abuse, neglect, and exploitation — his right to present grievances without reprisal — and his right to an accounting of his financial affairs.

## COUNT V — VIOLATION OF FLORIDA PUBLIC RECORDS LAW

## Florida Statutes §§ 119.07, 119.10, 119.12

49. Plaintiff incorporates all preceding paragraphs.

50. Defendants' complete non-response to the March 16, 2026 and April 8, 2026 FOIA requests constitutes an unlawful refusal to comply with Florida's Public Records Law. Plaintiff is entitled to attorney fees and sanctions pursuant to Florida Statute § 119.12.

## COUNT VI — NEGLIGENCE

51. Plaintiff incorporates all preceding paragraphs.

52. Defendants owed Plaintiff a duty of care as a licensed assisted living facility. Defendants breached that duty through negligent placement, failure to protect from known threats, and failure to maintain safe living conditions. Plaintiff suffered damages as a direct result.

## COUNT VII — BREACH OF CONTRACT

53. Plaintiff incorporates all preceding paragraphs.

54. The residency agreement between Plaintiff and Aventura Bay Place constitutes an enforceable contract. Defendants breached that contract by failing to provide safe living conditions, charging unauthorized fees, and retaliating against Plaintiff for exercising his legal rights.

## COUNT VIII — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff incorporates all preceding paragraphs.

56. Defendants' conduct — placing Plaintiff with a roommate who threatened his life, manufacturing adversarial roommate conditions through deliberate preconditioning, retaliating against him for a lawful FOIA request, and issuing an eviction notice while he had no roommate and no new violation — was extreme and outrageous beyond all bounds of decency tolerated in a civilized society. Plaintiff has suffered severe emotional distress as a direct result.

## COUNT IX — SPOLIATION OF EVIDENCE

57. Plaintiff incorporates all preceding paragraphs.

58. Defendants were placed on formal legal hold on April 8, 2026. Their continued non-production of demanded records — combined with retaliatory escalation of adverse action against Plaintiff — constitutes bad faith concealment and spoliation of evidence. Plaintiff requests that this Court impose appropriate sanctions and adverse inference instructions.

# V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

## A. Emergency Injunctive Relief:

- Immediately enjoin Defendants from enforcing the 45-day termination notice
- Immediately enjoin Defendants from retaliating against Plaintiff in any form
- Order Defendants to immediately ensure Plaintiff's physical safety
- Order Defendants to immediately remove the threatening roommate from proximity to Plaintiff
- Order Defendants to immediately produce all records demanded in the March 16 and April 8, 2026 FOIA requests

## B. Compensatory Damages:

- All unauthorized medication holding fees — refunded in full with interest
- All personal allowances withheld — paid in full with interest
- Full accounting and disgorgement of all Social Security funds improperly retained
- Emotional distress damages
- All costs of displacement caused by Defendants' retaliatory conduct

**C. Punitive Damages** — in an amount sufficient to deter Defendants and others similarly situated

**D. Attorney Fees and Costs** — pursuant to Florida Statute § 119.12 and applicable federal law

**E. Such other and further relief as this Court deems just and proper**

# VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

# APPLICATION TO PROCEED IN FORMA PAUPERIS

## 28 U.S.C. § 1915

Plaintiff Joseph McCarter respectfully applies to proceed in forma pauperis.

Plaintiff is an elderly resident of an assisted living facility. Defendants retain the entirety of Plaintiff's Social Security income. Plaintiff has no personal funds, no liquid assets, and no ability to prepay filing fees or court costs without substantial hardship.

**Monthly Income:** Social Security — retained in full by Defendants — zero personal funds available **Assets:** None liquid **Ability to pay filing fees:** None

I declare under penalty of perjury that the foregoing is true and correct.

/Joseph McCarter/ — April 20, 2026